McDonald-Crowley-Farmer Commission Company,
Appellant, v. Jefferson Boggs, Respondent.

### Kansas City Court of Appeals, January 2, 1899.

Contracts: OWNERSHIP: COMMISSIONS: WITNESS' STATEMENT. A com-
mission house and one R. agreed that R. should buy cattle and ship
them to the commission house which should sell the same and after
deducting the commissions and expenses credit the balance or charge
the loss as the case might be to R.'s account. Held, that the cattle so
bought belonged to R. and the commission house was only his agent,
and R.'s statement that he was to get all the profit as payment for his
services can not overcome the patent fact shown by the transaction
itself.

*Appeal from the Jackson Circuit Court.*—Hon. E. P.
Gates, Judge.

Affirmed.

Botsford, Deatherage & Young for appellant.

(1)   The transaction was neither a sale by Russell to
plaintiff, or by plaintiff to Russell; on the contrary, it was
a purchase by plaintiff through Russell, as plaintiff's agent
with plaintiff's money, of the cattle from their owners near
Lee's Summit.   When the agreement was originally made
between plaintiff and Russell, and when the cattle were
bought from their owners near Lee's Summit, it was con-
templated by both plaintiff and Russell that the cattle should
be shipped to plaintiff over the railroad, of which there is
only one at Lee's Summit.   Delivery, therefore, of the cat-
tle to the railroad company in its stock yards at Lee's Sum-
mit was delivery to the plaintiff.   1 Benj. on Sales, Am.
Notes by Corbin, secs. 516-523, pp. 465-469; Bank v.
Dayton, 102 U. S. 61; State v. Wingfield, 115 Mo. 428-436;
Drug Co. v. McMahan, 50 Mo. App. 18-25; State v. Lich-
liter, 95 Mo. 402-406.   (2)   Whenever one is a mere con-
duit, as where he purchases property in his name as the

agent of another with the latter's funds, and subsequently conveys to him, there is no interest to which a judgment lien can attach while the title is in him. 2 Freeman on Judgments [4 Ed.], sec. 373; Atkinson v. Hancock, 67 Iowa, 452; Lamprey v. Pike, 28 Fed. Rep. 30; Skidmore v. Railway, 112 U. S. 33; Ranson v. Sargeant, 22 Kan. 516; Hazleton v. Lesure, 9 Allen, 24.

GEO. N. LONGFELLOW and PAXTON & ROSE for respondent.

(1) Russell was the owner of the cattle because he was to get the profits and bear the losses, and was to pay appellants a commission for selling the cattle. (2) Russell was the owner of the cattle because he paid for them with his own checks and had a right to sell them or trade them off without sending them to the commission company. Kollock v. Emmert, 43 Mo. App. 566. (3) The commission company was not the owner of the cattle, because it had no option to keep them or kill them or give them away, but was limited to selling the cattle, getting their commission and accounting to Russell. (4) The commission company was not the owner of the cattle, because it was not to get the profits or stand the losses, but was to get a commission for selling them.

ELLISON, J.—Plaintiff claiming to be the owner of a lot of cattle instituted this action of replevin against defendant who had them in possession. Defendant is a constable and held the cattle under an execution in his hands in favor of William Morris and against William T. Russell. A peremptory instruction was given for defendant and judgment being given for defendant, plaintiff has appealed. The question involved in the appeal is whether the cattle were the property of plaintiff, or of Russell.

It appears that plaintiff is a live stock commission company located at Kansas City and that it entered into an

arrangement with Russell who resides at or near Lee's Summit, Jackson county, Missouri, whereby it was understood between them that Russell should buy cattle and ship to plaintiff. That plaintiff was to sell the cattle and after deducting the expenses attending a sale at the yards in Kansas City and commission for making the sale, the balance, if any, was to be credited to Russell's account. If, after deducting expenses and commission, there was a loss the amount thereof was charged to Russell on the account. Plaintiff was to honor Russell's drafts on shipments made, and the latter paid for the cattle by depositing the draft to the credit of his own account with a bank at Lee's Summit and giving his individual checks to the various parties from whom he had made his purchases. An account was kept by plaintiff with Russell in which he was charged with the payment of his drafts, the yardage, freight and plaintiff's regular commission for making the sales and Russell was credited with the amount the stock brought at such sales. If a shipment showed a loss, it remained a charge against Russell which would be deducted from subsequent shipments showing a profit.

The foregoing is the substance of the evidence as given in behalf of plaintiff and we have no doubt of the correctness of the trial court's conclusion on that evidence. The case is in some respects like that of Kollock v. Emmert, 43 Mo. App. 566. There is no doubt that plaintiff being in the business of receiving consignments of cattle to sell on the market for others on a commission to be paid it out of the proceeds of sale simply advanced money on the drafts drawn by Russell against his shipments to it. It is a matter of common notoriety that a large proportion of such business of the country is done in that way and has doubtless come about to induce patronage to commission houses whereby they may earn commissions on sales. Such commissions were earned, charged and paid in this case. Freight, yard-

age and other incidental expenses at the stock yards were charged against Russell and the business was transacted as in cases where no claim of the shipper being an agent is made. It is true that Russell stated he was to get all the profit resulting from sales as a payment for his services in making the purchases and shipments. A witness can not, by a mere arbitrary statement, overcome the patent fact shown by the transaction itself. The entire case, as made by the evidence, shows that he did not perform any services other than for himself. The cattle were not plaintiff's; it was to sell them for Russell and render account to him and could not do otherwise; it had no ownership whatever in them. Plaintiff paid yardage and freight, but in this it was rather the agent of Russell, since the amount thereof, together with commissions, was taken out of the sums realized on sale of the cattle. In other words, these expenses were subtracted from the full sum Russell would otherwise have received.

Some stress is laid on the fact that plaintiff had knowledge of some party or parties who wanted to buy a number of bulls, which they communicated to Russell and that he purchased some stock of that description. We do not see anything in this militating against the conclusion of the trial court. It amounted to no more than an agent advising the principal that he could sell property for him of a certain kind.

We are satisfied that no other judgment should have been rendered under the evidence and hence order its affirmance. All concur.